[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13402

_____

D.C. Docket No. 1:15-cr-00088-CG-B-1

UNITED STATES OF AMERICA,

                                                Plaintiff - Appellee,

LORI L. CARVER,

                                                Interested Party - Appellant,

versus

JOHN PATRICK COUCH, M.D.,
XIULU RUAN, M.D.,

                                                Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(October 17, 2018)

Before WILLIAM PRYOR, MARTIN, and BALDOCK,[*] Circuit Judges.

MARTIN, Circuit Judge:

When a private person brings a False Claims Act suit—known as a qui tam action—the government may choose to intervene and take over the action. 31 U.S.C. § 3730(b)(2). It may also choose to pursue "any alternate remedy available." Id. § 3730(c)(5). If it pursues an "alternate remedy," the False Claims Act gives the qui tam plaintiff the "same rights" in the "alternate" proceeding as she would have had if the qui tam action "had continued." Id. Presented here is the question of whether this statute allows a qui tam plaintiff to intervene in criminal forfeiture proceedings when the government chooses to prosecute fraud rather than to intervene in the qui tam plaintiff's action.

Even if the False Claims Act could be read to allow intervention, the statutes governing criminal forfeiture specifically bar it, with exceptions that do not apply here. We conclude that the criminal forfeiture statutes control, and we agree with the District Court's denial of Lori Carver's motion to intervene for that reason.

---

[*] Honorable Bobby R. Baldock, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

2

Our Circuit precedent does not permit us to affirm, however.  On appeal of denial of a motion to intervene, our precedent provides for "provisional jurisdiction" to determine whether the District Court properly denied intervention.  EEOC v. E. Airlines, Inc., 736 F.2d 635, 637 (11th Cir. 1984).  If, as here, denial was proper, "jurisdiction evaporates because the proper denial of leave to intervene is not a final decision."  Id.  For the reasons that follow, we will therefore dismiss this appeal for lack of jurisdiction.

## I.     FALSE CLAIMS ACT BACKGROUND

The False Claims Act imposes civil liability on any person who "knowingly presents . . . a false or fraudulent claim for payment or approval" to the federal government.  31 U.S.C. § 3729(a).  It allows the Attorney General to sue for violations.  Id. § 3730(a).  A private person, called a relator, may bring a False Claims Act action "in the name of the Government," which is known as a qui tam action.  Id. § 3730(b)(1).  The government may intervene to take over a qui tam action from the relator, id. § 3730(b)(2), but the relator "shall have the right to conduct the action" if the government opts not to intervene, id. § 3730(b)(4), (c)(3).  Most of the recovery in a qui tam action goes to the government, to remedy the fraud.  See id. § 3730(d).  But whether the government intervenes or not, a relator in a successful qui tam action is typically entitled to a share of the recovery.  Id.  This incentivizes people to come forward from the private sector with evidence

of fraud perpetrated on the government.  See United States ex rel. Williams v. NEC Corp., 931 F.2d 1493, 1496–97 (11th Cir. 1991).

The government has options other than intervention when a private person brings a qui tam action.  The False Claims Act expressly allows the government to pursue remedies besides the qui tam action: "[T]he Government may elect to pursue its claim through any alternate remedy available to the Government, including any administrative proceeding to determine a civil money penalty."  31 U.S.C. § 3730(c)(5).  If the government opts for an "alternate remedy," the False Claims Act gives the relator "the same rights in such proceeding as such person would have had if the action had continued under this section."  Id.  We will call this the alternate-remedy provision.

With this statutory background in mind, we turn to the facts of this case.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Lori Carver worked at Physicians Pain Specialists of Alabama, P.C., a pain management clinic in Mobile, Alabama.  Two doctors, John Patrick Couch and Xiulu Ruan, ran the clinic.  Ms. Carver discovered Dr. Couch and Dr. Ruan submitted fraudulent claims for payment to federal healthcare programs.  She took this information to the U.S. Attorney's office, which encouraged her to bring a qui tam action against the clinic and doctors.

4

Ms. Carver brought the suggested qui tam action in 2013.  See Dkt. No. 1, United States ex rel. Carver v. Physician Pain Specialists of Ala., P.C., Case No. 1:13cv392-JB-N (S.D. Ala. Aug. 1, 2013).  That case remains pending.  See Dkt. No. 208, Carver, Case No. 1:13cv392-JB-N (setting pretrial conference for January 2019).  She is litigating it herself, since the government chose not to intervene.  Dkt. No. 24, Carver, Case No. 1:13cv392-JB-N (notice of non-intervention); see 31 U.S.C. § 3730(b), (c)(3).

The government did not disregard Ms. Carver's allegations, however.  With Ms. Carver's information, the government began investigating Dr. Couch and Dr. Ruan.  In April 2015, almost two years after Ms. Carver brought her qui tam action, the government criminally charged both doctors with conspiracy to distribute controlled substances and conspiracy to commit healthcare fraud.  The charges in the indictment partially overlapped with the allegations in Ms. Carver's qui tam complaint.

After further investigation, the government issued a superseding indictment in October 2015 and a second superseding indictment in April 2016.  The first superseding indictment added new defendants (who later pled guilty) and new charges: racketeering, Anti-Kickback Statute violations, wire fraud, and drug distribution offenses.  The second superseding indictment further fleshed out the factual basis for the charges.  The superseding indictments, like the first, also

5

partially overlapped with the allegations in Ms. Carver's qui tam action. However, the indictments also included charges based on unlawful prescribing practices, which were not alleged in the initial qui tam complaint. All three indictments included forfeiture counts.

The criminal case went to trial, and the jury convicted Dr. Couch of all charges, and Dr. Ruan of all but one. The District Court promptly entered a preliminary forfeiture order.

Ms. Carver moved to intervene in the forfeiture proceedings, asserting a right to some of the forfeited assets. She primarily argued the alternate-remedy provision permits her to intervene to claim the share of the assets she would have been entitled to if the government had intervened in her qui tam action. In the alternative, she petitioned to assert an interest in the forfeited property under 21 U.S.C. § 853 and Federal Rule of Criminal Procedure 32.2. This statute and rule permit a third party to assert an interest in criminally forfeited property if the third party either had a legal interest in the property prior to the crime or is a bona fide purchaser for value of the property. See 31 U.S.C. § 853(n); Fed. R. Crim. P. 32.2. Ms. Carver has conceded she meets neither criterion.

The government argued Ms. Carver has no right to intervene under the alternate-remedy provision because her qui tam case remains pending—meaning

6

she has not yet established a right to a relator's share. It further asserted the False Claims Act does not permit intervention in criminal cases.

The district court denied Ms. Carver's motion to intervene. It ruled that the alternate-remedy provision does not permit intervention in criminal cases. It also ruled Ms. Carver had no right to intervene under 21 U.S.C. § 853(n) and Rule 32.2. This appeal followed.

### III.   STANDING

Before getting to the merits, we stop to address Ms. Carver's standing to intervene, which the government challenges. We are aware of the recent ruling of the Ninth Circuit that a qui tam plaintiff lacked standing to intervene in criminal forfeiture proceedings. See United States v. Van Dyck, 866 F.3d 1130, 1133–34 (9th Cir. 2017). We do not join in the rationale of our sister Circuit. Rather, we conclude Ms. Carver does have standing to assert that the alternate-remedy provision gives her a right to intervene in criminal forfeiture proceedings so as to claim an interest in the forfeited property.

Ms. Carver asserts a statutory procedural right—specifically, a right under the alternate-remedy provision to have her relator's share adjudicated in the criminal forfeiture proceeding. A "person who has been accorded a procedural right [by statute] to protect his concrete interests can assert that right." Lujan v. Defs. of Wildlife, 504 U.S. 555, 572 n.7, 112 S. Ct. 2130, 2142 n.7 (1992)

7

(emphasis added); see also Spokeo, Inc. v. Robbins, 578 U.S. __, 136 S. Ct. 1540, 1549–50 (2016) (discussing standing in context of statutory procedural rights). Ms. Carver asserts an interest in property forfeited to the government. This Court has said a party claiming an interest in such property has suffered a concrete injury. See, e.g., Via Mat Int'l S. Am. Ltd. v. United States, 446 F.3d 1258, 1262–63 (11th Cir. 2006). Ms. Carver reads the alternate-remedy provision to create a procedure for her to protect this concrete interest. We have jurisdiction to decide whether her reading is correct.

We are not persuaded by the government's contention that Ms. Carver's property interest is so "speculative" as to deprive us of jurisdiction. It is true that no court has yet adjudicated whether she is entitled to a relator's share. Yet if this were enough to deprive us of jurisdiction, no person claiming a property interest would ever get into federal court. Federal courts resolve property disputes every day. Indeed, criminal forfeiture courts routinely "determine whether any third parties have an interest in the forfeited property." United States v. Davenport, 668 F.3d 1316, 1320 (11th Cir. 2012) (emphasis added). That is, courts adjudicate third-party property interests, subject to the limitations set forth in the criminal forfeiture statutes. We have never doubted that courts have jurisdiction to adjudicate these interests, and this case raises no new doubts on the issue.

8

Finally, the general principle that private parties lack standing to intervene in criminal proceedings has no application here.  See Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149 (1973); United States v. Alcatel-Lucent France, SA, 688 F.3d 1301, 1307 (11th Cir. 2012) (per curiam) (holding a third party lacked standing to appeal a sentence).  Linda R.S. concerned Texas's discriminatory application of a statute criminalizing the refusal to provide child support, where Texas prosecuted only parents of legitimate children.  410 U.S. at 615, 93 S. Ct. at 1147.  The mother of an illegitimate child sued to have her child's father prosecuted.  Id. at 614–15, 93 S. Ct. at 1147.  The Supreme Court held she had no interest in the enforcement of Texas's criminal laws and thus lacked standing.  Id. at 619, 1149.  In Alcatel-Lucent, our Court held an alleged victim of a crime had no standing to appeal a sentence that did not include a restitution award.  688 F.3d at 1306–07.  Ms. Caver's case is distinguishable from Linda R.S. and from Alcatel-Lucent.  Ms. Carver's motion to intervene in a forfeiture proceeding to enforce an alleged property interest is materially different from an attempt to compel a criminal prosecution or alter a sentence.

Thus, we have jurisdiction to decide whether the alternate-remedy provision confers a procedural right on Ms. Carver to have her relator's share adjudicated in the forfeiture proceeding.

## IV.   INTERPRETING THE ALTERNATE-REMEDY PROVISION

That brings us to the merits of whether the alternate-remedy provision allows qui tam plaintiffs like Ms. Carver to intervene in criminal forfeiture proceedings.  As relevant here, the alternate remedy provision reads:

> [T]he Government may elect to pursue its claim through any alternate remedy available to the Government, including any administrative proceeding to determine a civil money penalty.  If any such alternate remedy is pursued in another proceeding, the person initiating the [qui tam] action shall have the same rights in such proceeding as such person would have had if the [qui tam] action had continued under this section.

31 U.S.C. § 3730(c)(5).

Whether a criminal fraud prosecution is an "alternate remedy" is an open question.[1]  See Van Dyck, 866 F.3d at 1135; see also United States ex rel. Babalola v. Sharma, 746 F.3d 157, 160–63 (concluding a criminal fraud prosecution brought before a qui tam action was not an alternate remedy).  Insofar as Ms. Carver asks us to read the alternate-remedy provision to allow her to intervene in the criminal forfeiture proceedings, we will interpret the alternate-remedy provision by reference to the "commonplace of statutory construction that the specific governs the general."  NLRB v. SW Gen., Inc., 580 U.S. __, 137 S. Ct. 929, 941 (2017) (quotation marks omitted); see also Morton v. Mancari, 417 U.S. 535, 550–51, 94

---

[1] The question has divided federal District Courts.  Compare United States v. Kurlander, 24 F. Supp. 3d 417, 424 (D.N.J. 2014), with United States v. Bisig, Case No. 100cv335JDTWTL, 2005 WL 3532554, at *2–6 (S.D. Ind. Dec. 21, 2005).

10

S. Ct. 2474, 2483 (1974) ("When there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of priority of enactment.").

Three criminal forfeiture statutes apply in this case, and each expressly bars third parties from intervening in forfeiture proceedings to claim an interest in property subject to forfeiture.  See 18 U.S.C. § 982(b)(1) (incorporating forfeiture procedures from 21 U.S.C. § 853); 18 U.S.C. § 1963(i); 21 U.S.C. § 853(k); see also Van Dyck, 866 F.3d at 1133 (noting that 21 U.S.C. § 853 "imposes a general bar on parties intervening in the criminal case").  Each of the three statutes has exceptions to allow third parties to petition a court for the forfeited property if they either had a legal right to the property before the defendant committed the offense or are bona fide purchasers for value.  See 18 U.S.C. § 1963(l); 21 U.S.C. § 853(n); see also 18 U.S.C. § 982(b)(1) (incorporating forfeiture procedures from 21 U.S.C. § 853).  But Ms. Carver has conceded neither of these exceptions applies to her.  These criminal forfeiture statutes speak to the precise issue raised in this appeal, and they make plain that Ms. Carver has no right to intervene.

In contrast to the precision of the forfeiture statutes, the alternate-remedy provision does not expressly provide a right of intervention in an "alternate proceeding."  Neither does it define "alternate remedy" to include criminal fraud prosecutions.  The specific bar on intervention in the criminal forfeiture provisions

controls our interpretation of the alternate-remedy provision's general terms here. That being the case, we need not pass on whether the alternate-remedy provision would entitle qui tam plaintiffs to intervene in other "alternate remedy" proceedings.

A final word. Our ruling will not disable Ms. Carver from getting her relator's share. The government assured us in its brief that a ruling against intervention "will not necessarily prevent a future recovery." It continued:

> Where a defendant is found civilly liable for damages in a False Claims Act suit after being found criminally liable for the same fraud, the defendant may deduct restitution paid to the United States in the criminal proceedings as a credit against the False Claims Act damages award. In such circumstances, a qualified relator is entitled to a share of the full amount of the damages award, including restitution previously paid.

We understand this to mean a relator is entitled to a share of the forfeited property to the extent the qui tam defendant can deduct any forfeiture from the qui tam award. It appears the government gave the Ninth Circuit the same assurance in Van Dyck. See 866 F.3d at 1135 n.3. We expect the government will honor it.

### V.   CONCLUSION

The District Court properly denied Ms. Carver's motion to intervene. Under this Circuit's "anomalous rule," our jurisdiction "evaporates" with this conclusion "because the proper denial of leave to intervene is not a final decision." E. Airlines, Inc., 736 F.2d at 637. We therefore DISMISS this appeal for lack of jurisdiction.

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 17, 2018

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 17-13402-AA
Case Style: United States of America v. Lori Carver, et al
District Court Docket No: 1:15-cr-00088-CG-B-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tonya L. Searcy, AA at (404) 335-6180.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1 Ntc of Issuance of Opinion